UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                Case No. 04-32636-WRS
                                                     Chapter 7
JAMES G. WYNN,

    Debtor

TERESA R. JACOBS,
BANKRUPTCY ADMINISTRATOR,

    Plaintiff                              Adv. Pro. No. 04-3121-WRS

  v.

JAMES G. WYNN,

    Defendant

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon Plaintiff Teresa R. Jacobs' Application for Default Judgment. (Doc. 7). Before addressing the motion, the Court will review the Debtor's history in this Court.

The Debtor, James Wynn, has filed at least three petitions in bankruptcy. The first was a joint petition in bankruptcy which was filed in this Court on October 18, 1999, under Case No. 99-5171. Wynn was denied a discharge pursuant to 11 U.S.C. § 727(a), based upon the Court's finding misconduct on Wynn's part. Colonial Bank v. Wynn (In re: Wynn), 261 B.R. 286 (Bankr. M.D. Ala. 2001). Once a debtor is denied a discharge, those debts which were in existence as of the date of the petition will not discharge in any future case. 11 U.S.C. § 523(a)(10).

On December 20, 2001, Wynn filed a second bankruptcy case under Case No. 01-8116. Wynn's original petition in that case was filed under Chapter 13 but the case was later converted to a case under Chapter 7. Wynn's second filing was immediately questioned as it appeared that the case was filed in bad faith. Given the short period of time between the filing of the second case and the termination of the first, it would not appear that there was any purpose for the second filing except to frustrate the creditors from the first case, who were not discharged. While the creditors from the first case could not be discharged, they could be thwarted for a time by the automatic stay. 11 U.S.C. § 362(a). Finding that the second case was filed in bad faith, the Court dismissed it with a 180-day bar against refiling. (Case No. 01-8116, Doc. 42).

On September 13, 2004, Wynn filed a third bankruptcy case, initiating Case No. 04-32636. While the injunction from the order of dismissal in Case No. 01-8116 had expired of its own terms, this third bankruptcy filing immediately became suspect as it appears that Wynn is again abusing the protections of the automatic stay. All of the debts which were in existence at the time of his first filing will not be discharged by operation of law. 11 U.S.C. § 532(a)(10). This immediately raises the question as to why this third bankruptcy case was filed. In response to a motion to dismiss filed by the Bankruptcy Administrator (Case No. 04-32636, Doc. 27), Wynn has twice moved to dismiss this case. (Case No. 04-32636, Docs. 31, 34). As Wynn has not offered any explanation for his conduct, and as it appears that he is motivated solely by bad faith, the Court concludes that Case No. 04-32636 was filed by Wynn in bad faith.

The Bankruptcy Administrator has pointed out two discrepancies. First, it is noted that the petition in this case failed to disclose the existence of Case No. 01-8116. Repeat filings are a

strong indication of bad faith. In re: Dent, 275 B.R. 625, 628-30 (Bankr. M.D. Ala. 2002). The failure to disclose one or more prior filings is a further indication of bad faith. Id.

The second discrepancy is that Wynn has failed to supply the "date incurred" on any of the debts listed in his schedules. This is crucial in this case as debts incurred prior to the filing of the first case will not discharge by operation of § 523(a)(10). Had Wynn truthfully completed his schedules, it would undoubtedly have been clear on their face that most of the debts were not dischargeable and that this is yet another bad faith filing.

It is clear that Wynn has been filing bankruptcy cases in bad faith for the purpose of thwarting his creditors. Where, as here, the Court finds that a debtor is abusing the protections of the bankruptcy laws, it has the authority to impose a bar against refiling. In re: Jones, 289 B.R. 436 (Bankr. M.D. Ala. 2003). In Jones, the Court imposed a five-year bar against refiling, finding that the Debtor had abused the protections of the bankruptcy laws. Wynn's abuse of the bankruptcy laws is at least as serious as was the case in Jones.

The Court notes that Wynn has been served with process in this Adversary Proceeding (Doc. 4) but has not answered the Bankruptcy Administrator's complaint. Indeed, when the Court set the underlying bankruptcy case for hearing on the Bankruptcy Administrator's motion to dismiss, he did not appear in person, sending a lawyer who did nothing more than move to dismiss the case. (Case No. 04-32636, Doc. 27). Wynn has offered no excuse for his conduct in these last two bankruptcy filings. It is clear that Wynn does not the intend to prosecute this bankruptcy proceeding in good faith, rather he has made two bankruptcy filings for the purpose of thwarting his creditors. The Court will enter judgment for the Bankruptcy Administrator by

way of a separate document and further will enjoin Wynn from filing any petitions under any chapter of the Bankruptcy Code for a period of five years from the date of this order. In addition, the Court will determine that the debts owed by Wynn as of the filing of his first case, will not discharge in this or any future bankruptcy filing.

        Done this 10th day of December, 2004.

                                            /s/ William R. Sawyer
                                            United States Bankruptcy Judge

c: Teresa R. Jacobs, Plaintiff
   James G. Wynn, Defendant
   Gregory M. Pool, Attorney for Debtor
   All Creditors